[Cite as *Indep. Church of God & Saints of Christ v. Stevens*, 2026-Ohio-2500.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Independent Church of God and Saints of Christ of Columbus, Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | No. 25AP-520 |
| | : | (C.P.C. No. 23CV-3573) |
| v. | : | (REGULAR CALENDAR) |
| Lenton Stevens, | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on June 30, 2026

**On brief:** *Strip, Hoppers, Leithart, McGrath & Terlecky Co., L.P.A., Nelson E. Genshaft,* and *Loni R. Sammons,* for appellee. **Argued:** *Loni R. Sammons.*

**On brief:** *Frederick D. Benton, Jr., L.P.A.,* and *Frederick D. Benton, Jr.,* for appellant. **Argued:** *Frederick D. Benton, Jr.*

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Defendant-appellant, Lenton Stevens, appeals a judgment of the Franklin County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from judgment. For the following reasons, we affirm that judgment.

## I. Facts and Procedural History

{¶ 2} On May 18, 2023, plaintiff-appellee, The Independent Church of God and Saints of Christ of Columbus, Ohio ("Independent Church"), filed suit against Stevens asserting an ejectment claim pursuant to R.C. 5303.03. The complaint alleged that the congregation of Independent Church voted to remove Stevens as pastor on or around July

2019.  After his removal, Stevens retained possession of real property owned by the church located on Hildreth Avenue in Columbus, Ohio.  Stevens prevented Independent Church from accessing the Hildreth Avenue property, which forced the congregation to convene in other locations.  In its complaint, Independent Church sought damages and an order returning possession of the Hildreth Avenue property to the church.

{¶ 3}  Stevens moved to dismiss the complaint under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction.  In his motion, Stevens argued the trial court could not hear the case under the ecclesiastical abstention doctrine, which precludes courts from intervening in matters involving questions of faith, religious doctrine, and church government.  According to Stevens, the Independent Church's ejectment claim concerned a dispute over his leadership of the church and, as a result, the court lacked jurisdiction to resolve the claim.

{¶ 4}  In an order dated August 25, 2023, the trial court denied Stevens' motion to dismiss.  The court held that it had jurisdiction to resolve a dispute involving a religious organization if the dispute was secular rather than ecclesiastical.  *See Zhelezny v. Olesh*, 2013-Ohio-4337, ¶ 37 (10th Dist.).  After reviewing the allegations in the complaint, the court determined that the dispute at issue centered on the rightful possession of property, and not on the propriety of Stevens' removal as pastor.  The court consequently concluded that it possessed subject-matter jurisdiction to decide the secular property issues the complaint sought to resolve.

{¶ 5}  The trial court subsequently referred the case to a magistrate for a bench trial.  A trial before the magistrate began November 4, 2024.  After Independent Church rested its case, Stevens moved for an involuntary dismissal pursuant to Civ.R. 41(B)(2).[1]  The magistrate granted the motion.  In a decision entered November 6, 2024, the magistrate stated:

> [T]he undersigned Magistrate found that plaintiff established its legal title to the property at issue in this lawsuit and that the plaintiff established its immediate right to possess that property. In accordance with [the trial court's] pretrial ruling,

---

[1] Civ.R. 41(B)(2) states "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."

> the undersigned Magistrate accepted the plaintiff's decision to remove defendant as its bishop. However, the plaintiff failed to prove the defendant wrongfully retained possession of the property and further failed to prove damages.
>
> Accordingly, plaintiff's complaint should be DISMISSED WITH PREJUDICE. Costs should be taxed equally to plaintiff and defendant.

(Nov. 6, 2024 Mag.'s Decision at 1.)

{¶ 6} On November 16, 2024, Stevens filed objections to the magistrate's decision. Stevens mainly argued the magistrate erred in finding (1) Independent Church established legal title to the Hildreth Avenue property, and (2) Independent Church was entitled to immediate possession of the property. Stevens also reserved the right to supplement his objections upon receipt of the trial transcript. Independent Church timely responded to Stevens' objections.

{¶ 7} On January 24, 2025, over two months after the filing of Stevens' original objections, Stevens moved for an extension of time in which to supplement his objections. In support of this motion, Stevens informed the trial court that he had just received a transcript of the trial proceedings and intended to use the transcript to supplement the issues raised in the objections. In an order entered February 3, 2025, the court granted Stevens leave to supplement his objections by March 10, 2025.

{¶ 8} Stevens filed his supplemental objections on March 10, 2025. Independent Church timely responded to the supplemental objections.

{¶ 9} In a judgment dated May 20, 2025, the trial court sustained one of Stevens' objections and overruled the remaining objections. In reviewing Stevens' objections, the court noted that Stevens had not fulfilled his duty under Civ.R. 53(D)(3)(b)(iii) to provide the court with a transcript of the proceedings before the magistrate. The court concluded that it could not review the majority of Stevens' objections without a trial transcript. Consequently, the court overruled the objections it could not review, and adopted the magistrate's decision, with the exception of the modification to the allocation of court costs. The court also entered final judgment in Stevens' favor on all claims, dismissed the case with prejudice, and taxed court costs to Independent Church.

{¶ 10} The day after the trial court entered its judgment, Stevens filed the trial transcript without first seeking leave of court. In a journal entry dated May 27, 2025, the court sua sponte struck the late-filed transcript. After the court struck the transcript, Stevens filed a motion for an extension of time to file the transcript.

{¶ 11} In conjunction with his attempts to submit the transcript to the court, Stevens moved pursuant to Civ.R. 60(B)(1) and (5) for relief from the May 20, 2025 judgment. In his May 22, 2025 motion, Stevens' attorney explained that he had ordered a transcript of the trial proceedings on November 18, 2024, and he had received the completed transcript on January 22, 2025. Stevens' attorney had assumed that the court reporter who completed the transcription would also file the transcript with the court. That, however, did not occur. Because the omission of the transcript from the record resulted from oversight, and not intentional error, Stevens sought to set aside the May 20, 2025 judgment.

{¶ 12} In an entry dated June 25, 2025, the trial court denied Stevens' Civ.R. 60(B) motion for relief from judgment. The court concluded that Stevens had failed to establish any excusable neglect under Civ.R. 60(B)(1). Additionally, the court denied Stevens' motion for an extension of time to file the transcript in the June 25, 2025 entry.

## II. Assignments of Error

{¶ 13} Stevens now appeals the June 25, 2025 judgment and assigns the following three errors for our review:

> I. The trial court abused its discretion
>
> A. in striking the filed trial transcript
>
> B. in denying appellant's request for extension of time to file trial transcript
>
> C. in denying appellant's motion for relief pursuant to Civil Rule 60(B)[.]
>
> II. The trial court erred in overruling appellant's objections and affirming the magistrate's decision[.]
>
> III. The trial court erred in denying appellant's motion to dismiss for lack of subject matter jurisdiction[.]

## III. Discussion

### A. Scope of this Appeal

{¶ 14} Before considering the merits of this appeal, we must delineate which of Stevens' three assignments of error are properly before this court. We conclude that we can review the merits of Stevens' first assignment of error, but the limited scope of this appeal and the doctrine of res judicata preclude Stevens from asserting his second and third assignments of error.

{¶ 15} To initiate an appeal with this court, a party must file a notice of appeal with the clerk of the trial court. App.R. 3(A). "The notice of appeal . . . shall designate the judgment, order or part thereof appealed from[.]" App.R. 3(D). The designation within the notice of appeal determines the scope of an appeal. *Dickman v. Johnson*, 2025-Ohio-4349, ¶ 10 (6th Dist.); *Simpson v. Moreland*, 2024-Ohio-1728, ¶ 46 (12th Dist.).

{¶ 16} Stevens' June 26, 2025 notice of appeal named only one judgment from which he appealed: the June 25, 2025 judgment that denied the Civ.R. 60(B) motion. Stevens identified the June 25, 2025 judgment as the sole judgment appealed because on the date he filed his notice of appeal, he could no longer appeal from the May 20, 2025 judgment that resolved the underlying action.

{¶ 17} "[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(1). When an appellant fails to meet the timing requirements of App.R. 4, the court of appeals lacks jurisdiction to hear the appeal. *In re H.F.*, 2008-Ohio-6810, ¶ 17. A court of appeals without jurisdiction must dismiss the appeal because the court lacks the necessary power or authority to review the issues involved. *White v. Cent. Ohio Gaming Ventures, L.L.C.*, 2019-Ohio-1078, ¶ 11 (10th Dist.).

{¶ 18} The trial court's May 20, 2025 judgment was final upon its entry because it reviewed the magistrate's decision and Stevens' objections, adopted the magistrate's decision with a minor modification, and determined all Independent Church's pending claims. *See Tanner v. Robinson*, 2025-Ohio-1938, ¶ 11 (10th Dist.) (holding that a judgment on a magistrate's decision does not become a final, appealable order until " 'the trial court reviews the decision; adopts, modifies or rejects the decision; and enters a judgment that determines all claims for relief or determines that there is no just reason for delay' ") (further quotation and citation omitted). Consequently, the deadline to file an

appeal from the May 20, 2025 judgment expired on June 20, 2025.[2]  As Stevens missed this deadline by six days, we would have dismissed an appeal filed from the May 20, 2025 judgment as untimely.

{¶ 19} Stevens' failure to appeal from the May 20, 2025 judgment presents a problem because his second and third assignments of error challenge that judgment.  We thus must consider whether we can address the merits of Stevens' second and third assignments of error.

{¶ 20} A party may not use Civ.R. 60(B) "to circumvent or extend the time requirements for filing an appeal." *Blasco v. Mislik*, 69 Ohio St.2d 684, 686 (1982); *accord Key v. Mitchell*, 1998-Ohio-643, ¶ 5 (holding that a party may not use a Civ.R. 60(B) motion "as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment").  Consequently, an appeal from a judgment denying relief under Civ.R. 60(B) does not bring up for appellate review the judgment from which relief is sought.  *Warsame v. Trans Am Trucking, Inc.*, 2024-Ohio-1020, ¶ 15 (10th Dist.); *Farley v. Old Dominion Freight Line, Inc.*, 2022-Ohio-3799, ¶ 15 (10th Dist.).  A party, therefore, may not "bootstrap" to a timely appeal of a denial of a Civ.R. 60(B) motion an assignment of error that challenges the underlying judgment the party failed to directly appeal.  *Kung v. State Farm Fire & Cas. Co.*, 2026-Ohio-1565, ¶ 12 (8th Dist.); *Antonyzyn v. Kelly*, 2019-Ohio-2829, ¶ 26 (8th Dist.); *Bd. of Health v. Petro*, 2019-Ohio-545, ¶ 9 (8th Dist.).

{¶ 21} Civ.R. 60(B) "does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 15.  When a party chooses to forgo an appeal of a final, appealable order, the doctrine of res judicata bars the party from raising any matters that could have been raised on direct appeal.  *Holbrook v. OhioHealth Corp.*, 2015-Ohio-2354, ¶ 25 (10th Dist.); *accord State v. Griffin*, 2013-Ohio-5481, ¶ 3 ("Res judicata bars relitigation of a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued in accordance with the law at the time.").

{¶ 22} The doctrine of res judicata even bars relitigation of the issue of subject-matter jurisdiction.  *State v. Wogenstahl*, 2024-Ohio-2714, ¶ 25; *Dunlop v. Ohio Dept. of*

---

[2] Although the 30-day window to file the notice of appeal elapsed on June 19, 2025, that date was a holiday. Stevens, therefore, had until June 20, 2025 to file his notice of appeal.

*Job & Family Servs.*, 2019-Ohio-3632, ¶ 12 (10th Dist.); *Bakhtiar v. Saghafi*, 2018-Ohio-3796, ¶ 21 (8th Dist.); *King v. King*, 2006-Ohio-183, ¶ 14 (4th Dist.). " '[I]t is established that "[a] party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." ' " *Wogenstahl* at ¶ 25, quoting *State ex rel. Peoples v. Johnson*, 2017-Ohio-9140, ¶ 13, quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, fn. 9 (1982); *accord Ohio Edison Co. v. Cubick*, 2020-Ohio-7027, ¶ 26 (7th Dist.) ("When a common pleas court rules on the question of the scope of its own jurisdiction, that decision is final and the correctness of that determination becomes irrelevant when the time for appeal has passed. . . . [A]fter the time for appeal has lapsed, res judicata bars the argument that the common pleas court was without jurisdiction to decide issues."). Although this court has recognized "it is a correct statement of law that subject-matter jurisdiction may be raised at any time," if "a jurisdictional issue has been fully litigated and determined by a court that has authority to pass on the issue," such a determination can only be challenged directly by an appeal and is res judicata in a collateral attack.[3] *In re A.R.*, 2017-Ohio-1575, ¶ 10 (10th Dist.); *accord State v. Bell*, 2023-Ohio-2073, ¶ 8 (1st Dist.) ("Although a challenge to a court's subject-matter jurisdiction may be raised at any time, . . . it may not be repeatedly attacked.").

{¶ 23} In this case, Stevens chose not to appeal the May 20, 2025 judgment resolving the underlying action. During that action, the parties litigated, and the trial court decided the issue of whether the court had subject-matter jurisdiction to adjudicate the parties' dispute under the ecclesiastical abstention doctrine. Had Stevens appealed directly from the May 20, 2025 judgment, he could have argued that the trial court erred in resolving that issue, as well as his objections to the magistrate's decision. Stevens now raises these arguments in his second and third assignments of error. Stevens, however, cannot use this appeal—an appeal from a collateral attack on the underlying judgment—to raise the arguments he could have advanced in a direct appeal. We, therefore, overrule Stevens' second and third assignments of error.

---

[3] A Civ.R. 60(B) motion for relief from judgment is a collateral attack on a judgment. *Ellison v. K 2 Motors, L.L.C.*, 2023-Ohio-1871, ¶ 33, fn. 5 (10th Dist.).

## B. First Assignment of Error—Civ.R. 60(B) Motion for Relief from Judgment

{¶ 24} By Stevens' first assignment of error, he argues that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment. We disagree.

{¶ 25} Pursuant to Civ.R. 60(B), a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (5) any other reason justifying relief from the judgment.

Civ.R. 60(B)(1) through (5). To prevail on a Civ.R. 60(B) motion, a party must demonstrate (1) it has a meritorious claim or defense to present if the court grants it relief, (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) it filed the motion within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. If the moving party fails to demonstrate any of these three requirements, the trial court should deny the motion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). A trial court exercises its discretion when ruling on a Civ.R. 60(B) motion, and thus, an appellate court will not disturb such a ruling absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶ 26} Civ.R. 60(B)(1) allows a trial court to relieve a party of a judgment on a showing of "[m]istake, inadvertence, surprise or excusable neglect." Here, Stevens argues that his attorney's failure to file the trial transcript constituted excusable neglect. The

Supreme Court of Ohio has defined "excusable neglect" in the negative, stating "that the inaction of a [party or its counsel] is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.*, 1996-Ohio-430, ¶ 10, quoting *GTE Automatic Elec., Inc.* at 153. However, inaction that amounts to a complete disregard for the judicial system is not the only type of inaction that qualifies as inexcusable neglect. "[W]ithout special circumstances justifying it," neglect is categorized as inexcusable "where a party or its counsel has brought on itself a consequence that it ought to have prevented." *FV-I, Inc. v. Knecht*, 2019-Ohio-5197, ¶ 51 (10th Dist.); *accord Wireless Resource, L.L.C. v. Garner*, 2012-Ohio-2080, ¶ 14 (10th Dist.) (holding no excusable neglect exists where " 'the party or his attorney could have controlled or guarded against the event that led to the untimely [filing]' ") (further quotation and citation omitted). Absent evidence of special or unusual circumstances, courts distinguish between "mere neglect," i.e., consequences that result from carelessness or inattention, and "excusable neglect." *Gamble Hartshorn, L.L.C. v. Lee*, 2018-Ohio-980, ¶ 32 (10th Dist.). The inquiry into whether inaction constitutes excusable or inexcusable neglect must take into consideration all the individual facts and circumstances in each case. *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980).

{¶ 27} Pursuant to Civ.R. 53(D)(3)(b)(iii), an objection to a magistrate's factual finding "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii) further provides, "The objecting party shall file the transcript or affidavit with the court within thirty days after filing the objections unless the court extends the time in writing for preparation of the transcript or other good cause."[4] Thus, under the plain language of Civ.R. 53(D)(3)(b)(iii), the objecting party has the obligation to provide the trial court with a transcript of the proceedings or an appropriate substitute. *Young v. Boyd*, 2025-Ohio-4450, ¶ 11 (9th Dist.); *Bhau v. PEM Properties, Ltd.*, 2016-Ohio-7377, ¶ 14 (5th Dist.); *In re Estate of Haas*, 2007-Ohio-7011, ¶ 19, fn. 5 (10th Dist.). Moreover,

---

[4] Consistent with Civ.R. 53(D)(3)(b)(iii), Loc.R. 99.05 of the Franklin County Court of Common Pleas states, "If a transcript of the trial or hearing is necessary to support objections to the magistrate's order or decision, the transcript must be filed with the assigned judge by the moving party within 30 days after the filing of the objections unless the assigned judge, in writing, extends the time for inability of the reporter to complete the transcript of the testimony."

the objecting party has the duty to supply the transcript or appropriate substitute within 30 days after filing the objections, unless the trial court extends that time period. *Levy v. Seiber*, 2016-Ohio-68, ¶ 17 (12th Dist.).

{¶ 28} In this case, Stevens filed his objections on November 16, 2024. Stevens, therefore, had until December 16, 2024 to file the transcript, unless he obtained an extension. Stevens did not timely file the transcript, nor did he seek an extension of time to file the transcript prior to the May 20, 2025 judgment.[5] Stevens' counsel did, however, order the preparation of a transcript, and he received a copy of the completed transcript on January 22, 2025.

{¶ 29} In support of his Civ.R. 60(B) motion, Stevens' counsel stated that he assumed the court reporter would file the transcript with the court. Apparently, Stevens' counsel did not review the court docket to determine if the court reporter had filed the transcript in accordance with his assumption. Counsel did nothing to add the transcript to the record until the day after the trial court issued the May 20, 2025 judgment.

{¶ 30} Based on the timeline in this case, Stevens' failure to comply with Civ.R. 53(D)(3)(b)(iii) began in December 2024, when he did not timely file the transcript. He then neglected to seek an extension of time to file the transcript. Finally, counsel did not check the docket during spring 2025 to verify his assumption that the court reporter would file the transcript. "It is well-established that a party to an action (and his or her counsel) has a duty to remain apprised of the progress of the case." *Honda v. Mid-West Restaurant Equip., Inc.*, 2001 Ohio App. LEXIS 2272, *8 (10th Dist. May 22, 2001); *accord Harris v. Rossi*, 2018-Ohio-4573, ¶ 50 (11th Dist.) ("[I]f a party has a legal duty to check the docket, that duty likewise extends to an attorney representing a party in pending litigation."); *Dlugolinski v. Frances*, 2017-Ohio-5746, ¶ 13 (8th Dist.) (" '[Counsel] has a general duty to check the docket and keep himself current regarding the status of the case.' ") (further quotation omitted). Had Stevens' counsel fulfilled this duty and then acted

---

[5] Stevens states in his appellate brief that he moved on January 25, 2025 for an extension of time "to supplement his objections *and file the trial transcript*." (Emphasis added.) (Appellant's Brief at 12.) Stevens overstates the relief he sought in his January 25, 2025 motion. Whether a party has "sought leave of the trial court to supplement his objections under Civ.R. 53(D)(3)(b)(iii) is a related but different question from whether he asked for an extension of time to file the transcript." *Bahgat v. Kissling*, 2018-Ohio-2317, ¶ 25 (10th Dist.). Here, Stevens only sought an extension of time to supplement his objections, and that is the only relief the trial court's February 3, 2025 order granted him.

to ensure the transcript was in the record, he could have prevented the trial court from deciding the objections against his client based on the lack of a transcript.

{¶ 31} As Stevens admits, the failure to file the transcript in this case resulted from an "oversight [that] was not intentional." (Appellant's Brief at 19.) As such, it falls within the category of mere neglect that counsel could have prevented. Stevens points to no special circumstances that could justify the neglect. We thus conclude the trial court did not abuse its discretion in finding no excusable neglect and denying Stevens relief from the May 20, 2025 judgment on that ground.

{¶ 32} In his first assignment of error, Stevens also contends that the trial court erred in striking the transcript from the record and denying his request for an extension of time to file the transcript. However, because we have determined the court did not err in denying Stevens' Civ.R. 60(B) motion, Stevens' challenges to the court's rulings regarding the submittal of the transcript are moot. Even if we reversed the court's rulings excluding the transcript from the record, including it now would serve no purpose. Therefore, we do not address Stevens' arguments that the court erred in striking the transcript and denying his motion for leave to file the transcript.

{¶ 33} In sum, we conclude the trial court did not abuse its discretion in denying Stevens' Civ.R. 60(B) motion for relief from judgment. Accordingly, we overrule the first assignment of error.

## IV. Disposition

{¶ 34} For the foregoing reasons, we overrule Stevens' three assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON and LELAND, JJ., concur.

———————————